UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Alejandro C.G.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General*; Markwayne Mullin, *Secretary, Department of Homeland Security*; David J. Venturella, *Acting Director, Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office U.S. Immigration and Customs Enforcement*,

Respondents.

File No. 26-cv-3117 (ECT/EMB)

**OPINION AND ORDER**

---

Magistrate Judge Elsa M. Bullard issued a Report and Recommendation ("R&R") dated August 21, 2026. ECF No. 8. Judge Bullard recommended that Petitioner Alejandro C.G.'s Petition for Writ of Habeas Corpus [ECF No. 1] be granted, and that Alejandro be released. *See id*. Respondents objected to the R&R, ECF No. 9, triggering de novo review pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). Familiarity with the R&R is presumed.

Alejandro is a citizen of Mexico. Pet. ¶¶ 7, 14; ECF No. 6 ¶ 5. On September 27, 2021, Alejandro "was arrested by Border Patrol and charged" under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(a)(6)(A)(i), as being an "alien present without admission or parole." ECF No. 6-5 at 3. That same day, ICE issued

a Notice to Appear for Alejandro.[1] *See* ECF No. 6-1 at 1. Alejandro was released from ICE custody on his own recognizance "due to not meeting the criteria for detention." ECF No. 6-5 at 3. Alejandro's 2026 Form I-213 explains that Alejandro's 2021 "case is listed as Failure to Prosecute, DHS case only."[2] ECF No. 6-5 at 3.

In 2024, Alejandro applied for asylum and withholding of removal, and as of his Petition's filing, these applications were pending. Pet. ¶ 16; *see* ECF No. 6-5 at 3. Also in 2024, Alejandro applied for and was granted an I-765 Employment Authorization that was valid until November 6, 2029. ECF No. 6-5 at 3.

Alejandro's criminal history between January 2021 and October 2023 includes convictions for speeding, driving without a license, possession of marijuana in a motor vehicle, possession of drug paraphernalia, and driving after revocation. *See* ECF No. 6-5 at 4. In August 2023, Alejandro was also charged with driving while impaired for which there was an "active warrant" from Ramsey County. *See id.*; *see also* Pet. ¶ 20.

---

[1] Alejandro's September 27, 2021 Notice to Appear and Order of Release were issued under a different A-Number than Alejandro's May 2026 Notice to Appear, I-200 Warrant, and Form I-213. *Contrast* ECF Nos. 6-1, 6-2 *with* ECF Nos. 6-3, 6-4, 6-5; *see also* ECF No. 6-5 at 3–4 (noting that a *third* A-Number was issued for Alejandro's asylum application). No one disputes that the immigration paperwork submitted by Respondents in this matter applies to Alejandro, despite the different A-Numbers. *See*, *e.g.,* Pet. ¶ 15 (stating that "[o]n September 27, 2021, ICE issued a Notice to Appear for Petitioner").

[2] Judge Bullard interpreted this notation on Alejandro's Form I-213 to mean that "the [immigration] proceedings (under the auspices of DOJ) were terminated." ECF No. 8 at 2. Respondents do not object to this interpretation, and they rely only on the May 23, 2026 Notice to Appear with respect to Alejandro's current arrest and detention. *See* ECF No. 9 at 2 ("The R&R is correct that the warrant was issued before the NTA. Specifically, the Warrant was issued May 21, 2026; the Warrant was served May 22, 2026; and the NTA was issued May 23, 2026." (citations omitted)).

On May 20, 2026, Alejandro was charged with driving after revocation, *see* ECF No. 6-5 at 4, and he was detained by local law enforcement because of the outstanding DWI warrant, *see* Pet. ¶ 20 ("During the stop, Petitioner the local law enforcement officer told Petitioner that there was an outstanding warrant for his arrest in his DWI case. At that time, Petitioner was not aware of any warrant or obligations in his DWI case.").

On May 21, 2026, while Alejandro still was detained by local law enforcement, ICE issued an administrative warrant for Alejandro's arrest. *See* ECF Nos. 6-4, 6-5 at 3. On May 22, 2026, Alejandro was transferred to ICE custody. ECF No. 6 ¶ 11; ECF No. 6-5 at 3. On May 23, 2026, Alejandro was issued a new Notice to Appear, charging him as removable pursuant to INA §§ 212(a)(6)(A)(i) and (a)(7)(A)(i)(I), codified at 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). ECF No. 6-3.

Alejandro is presently detained at the Kandiyohi County Jail in Willmar, Minnesota. Pet. ¶ 7. He filed his Petition on June 26, 2026, asserting violations of the Fourth Amendment, his Fifth Amendment right to due process, and the *Accardi* doctrine. *See* Pet. ¶¶ 61–80. Alejandro seeks immediate release. *See* Pet. at 24.

In the R&R, Judge Bullard concluded that Alejandro's arrest was unlawful and recommended the Petition be granted. *See* ECF No. 8. Specifically, Judge Bullard determined the timing of the Form I-200 warrant's issuance was problematic because it was issued before the operative Notice to Appear, and thus Alejandro could not be arrested lawfully pursuant to the warrant. *See id.* at 7–8. Judge Bullard also determined that there was no basis for a warrantless arrest pursuant to 8 U.S.C. § 1357(a)(2). *Id.* at 9–12. Finally, she concluded that Alejandro's detention violated his right to procedural due process. *See*

*id.* at 12–23. Judge Bullard recommended Alejandro's release or, alternatively, that he be given an individualized custody hearing before an immigration judge. *See id.* at 24.

Respondents articulate two objections to the R&R. (1) Acknowledging that the Form I-200 warrant issued before the Notice to Appear, Respondents argue that no warrant was required to arrest Alejandro and that, in any event, the warrantless requirements of 8 U.S.C. § 1357 were satisfied. *See* ECF No. 9 at 2–5. (2) Respondents argue that the R&R erred in concluding that Alejandro's detention violated his Fifth Amendment due-process right because Alejandro received all the process due him. *See id.* at 5–12.

Assuming Respondents are correct about the second issue, persuasive precedents support the conclusion that they are incorrect about the first. The timing of the Form I-200 warrant's issuance renders the warrant invalid because the Form I-200 warrant issued before the operative Notice to Appear. ECF No. 8 at 8. Respondents do not dispute that the warrant preceded the Notice to Appear. *See* ECF No. 9 at 2. Courts in this District have found that a Form I-200 warrant that precedes a Notice to Appear is invalid because it "purports to exercise authority that does not yet exist." *See Jesus F.D. v. Mullin*, No. 26-cv-2486 (PJS/DTS), slip op. at 5–6 (D. Minn. June 10, 2026), ECF No. 10 (citations omitted); *Luis A.S. v. Easterwood*, No. 26-cv-2447 (PJS/DTS), slip op. at 6 (D. Minn. May 26, 2026), ECF No. 9; *Martha C.G.P. v. Blanche*, No. 26-cv-2308 (DWF/JFD), 2026 WL 1329577, at *3 (D. Minn. May 13, 2026); *Islamuddin A. v. Blanche*, No. 26-cv-3340 (ECT/JFD), 2026 WL 2546280, at *2–3 (D. Minn. Aug. 28, 2026). As then-Chief Judge Schiltz explained:

> A Form I-200 warrant empowers ICE to arrest aliens during removal proceedings. *See* 8 C.F.R. § 236.1(b)(1); 8 U.S.C. § 1226(a). Thus, a warrant issued before removal proceedings have begun purports to exercise authority that does not yet exist. *See, e.g., Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927 (S.D. Iowa 2026) ("The temporal aspects of this language are clear: an arrest warrant may be issued '[a]t the time of issuance' of the Notice to Appear or 'thereafter.' Not 'before.'") (quoting 8 C.F.R. § 236.1(b)(1)). To be valid, then, a Form I-200 warrant must issue "at the same time or after the Department of Homeland Security issues an NTA." *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *3 (D. Minn. May 13, 2026). This is because an NTA is a "case-initiating pleading[]"—"like an indictment in a criminal case"—that "serves as the basis for commencing a grave legal proceeding." *Niz-Chavez v. Garland*, 593 U.S. 155, 163–64 (2021) (quotation omitted); *see also* 8 U.S.C. § 1229(a)(1) (stating that ICE "shall" give aliens in removal proceedings "written notice" of the proceedings in the form of a "notice to appear").

*Jesus F.D.*, No. 26-cv-2486 (PJS/DTS), slip. op. at 5–6 (D. Minn. June 10, 2026), ECF No. 10. I find Judge Schiltz's reasoning persuasive.

Respondents do not satisfy the fallback for a warrantless arrest. 8 U.S.C. § 1357 provides:

> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant . . . to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). The Supreme Court has not construed "likely to escape," but it treats that circumstance as "specific" and "limited." *Arizona v. United States*, 567 U.S. 387, 410 (2012). Persuasive authorities interpret the phrase to mean, "likely to evade detention by immigration officers." *Moreno v. Napolitano*, 213 F. Supp. 3d 999, 1006–07 (N.D. Ill. 2016) (collecting cases); *see Campos v. United States*, 888 F.3d 724, 734–35 (5th Cir. 2018) (interpreting it to mean that an arrestee is likely to "disappear before a warrant could be obtained"); *Araujo v. United States*, 301 F. Supp. 2d 1095, 1102 (N.D. Cal. 2004) (finding no likelihood of escape where arrestee was living with his wife and had applied for lawful permanent resident status, "hardly evincing an intention to flee"). The requirement "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizens at another clearly identifiable location." *Walther Ademir A. S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *3 (D. Minn. June 16, 2026) (citation modified). The probable-cause standard requires that "the totality of the circumstances known to all officers involved at the time of the arrest" indicated to a "prudent person[]" that the noncitizen was likely to escape. *United States v. Thompson*, 533 F.3d 964, 969 (8th Cir. 2008) (citation modified); *see United States v. Puebla-Zamora*, 996 F.3d 535, 538 (8th Cir. 2021) (applying probable-cause standard to § 1357(a)(2) arrest); *see also N.V. v. Blanche*, No. 26-cv-2570 (KMM/EMB), 2026 WL 2209844, at *3 (D. Minn. July 31, 2026) (finding that "evidence does not support the conclusion that a reasonable officer under the circumstances would have believed that Ms. N.V. was

noncompliant with commands" and "based on the Court's own review of the bodycam footage and the testimony from the hearing, the Court cannot find that a reasonable officer under the circumstances would have developed a reasonable belief that Ms. N.V. had already attempted to escape and resisted being handcuffed"); *S. v. Blanche*, No. 26-cv-2265 (KMM/DLM), 2026 WL 1998718, at *6 (D. Minn. July 10, 2026) ("Respondents have pointed to no evidence in the record that a reasonable immigration officer would have concluded there was probable cause of an escape.").

Respondents have not shown that Alejandro was "likely to escape before a warrant [could] be obtained for his arrest." 8 U.S.C. § 1357(a)(2). Respondents argue that "[w]hat matters is whether the encountering officers reasonably believed in the moment that [Alejandro] was likely to escape in the time it would have taken to obtain a warrant and return to arrest [him]." ECF No. 9 at 4. But nothing demonstrates that "encountering officers" had any objectively reasonable basis to believe Alejandro was likely to escape. Alejandro's immigration records demonstrate that Alejandro was taken into ICE custody directly from Beltrami County Jail, and Alejandro cooperated with Deportation Officer Jordan's questioning about his immigration history. *See* ECF No. 6-5 at 3. Deportation Officer Jordan performed criminal record checks prior to Alejandro's arrest that were "positive . . . with multiple convictions for possession of marijuana and an arrest for Driving Under the Influence," and the records show that Deportation Officer Jordan was aware of Alejandro's "multiple arrests in Minnesota." *See* ECF No. 6-5 at 3. The Form I-213, which undisputedly issued *after* Alejandro was taken into ICE custody, lists Alejandro's criminal history, including that there was an "active warrant" from Ramsey

County due to Alejandro's August 2023 DWI charge. *See* ECF No. 6-5 at 4. But there is no testimony from Deportation Officer Jordan (or any other encountering officer) or any other evidence demonstrating that any officer was aware of Alejandro's outstanding DWI warrant at the time of his arrest. No other record evidence supports the conclusion either that officers believed they would be unable to locate Alejandro or that he posed a risk of escape before a valid warrant could be obtained.

To the extent Respondents argue that no warrant was needed to arrest Alejandro because he was subject to mandatory detention under 8 U.S.C. § 1225, and 8 U.S.C. § 1357's requirements for a warrantless arrest thus do not apply, *see* ECF No. 9 at 2, I disagree. The great weight of persuasive authority from this District supports that a warrantless arrest under 8 U.S.C. § 1225(b)(2) must comply with § 1357. *See, e.g.*, *Luis A.S. v. Easterwood*, No. 26-cv-2447 (PJS/DTS), slip op. at 8 (D. Minn. May 26, 2026), ECF No. 9 ("ICE [cannot] simply arrest anyone who is subject to mandatory detention. Rather, ICE could detain [petitioner] only if it first complied with 8 U.S.C. § 1357(a), which addresses federal immigration officials' authority to make warrantless arrests." (citation modified)); *Juan J.M.E. v. Easterwood*, No. 26-cv-2270 (KMM/EMB), 2026 WL 1746672, at *3 (D. Minn. June 8, 2026) ("[I]f Congress wanted to make clear that 1225(b) provided a separate basis to arrest a noncitizen, 'it could have easily done so.'" (quoting *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026), *reh'g and reh'g en banc denied sub nom.*, 2026 WL 1746744 (8th Cir. June 17, 2026))), *R. & R. adopted sub nom. Juan M.E. v. Easterwood*, 2026 WL 1747756 (D. Minn. June 17, 2026); *Francisco M.A. v. Blanche*, No. 26-cv-2032 (JRT/EMB), 2026 WL 1229701, at *2 (D. Minn. May 5, 2026); *Fernando*

*C. C. v. Bondi*, No. 26-cv-1235 (LMP/JFD), 2026 WL 446408, at *2 (D. Minn. Feb. 17, 2026); *Martha C.G.P. v. Blanche*, No. 26-cv-2308 (DWF/JFD), 2026 WL 1329577, at *3 (D. Minn. May 13, 2026); *see also Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *2 (D. Neb. May 19, 2026). I find these decisions persuasive.

Because I conclude Alejandro was not served with a valid warrant at the time of his arrest, and because Respondents have not shown that his arrest complied with § 1357(a)(2), Respondents' objections will be overruled, the Report and Recommendation will be accepted, and Alejandro will be ordered released. *See Felix Alberto J.M. v. Blanche*, No. 26-cv-2944 (LMP/DLM), 2026 WL 1906596, at *1, *3–5 (D. Minn. July 2, 2026); *Walther A.S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *4 (D. Minn. June 16, 2026); *Luis A.S. v. Easterwood*, No. 26-cv-2447 (PJS/DTS), slip op. at 9 (D. Minn. May 26, 2026), ECF No. 9; *Venancio P.J. v. Blanche*, No. 26-cv-2740 (ECT/JFD), 2026 WL 1862252, at *2–3 (D. Minn. June 29, 2026).[3]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS ORDERED THAT**:

1. The Report and Recommendation [ECF No. 8] is **ACCEPTED** as described above;

[3] The resolution of this issue in Alejandro's favor makes it unnecessary to consider the Petition's remaining grounds or Respondents' remaining objection.

2. Respondents' objections [ECF No. 9] are **OVERRULED** as described above;

3. Petitioner Alejandro C.G.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED**; and

4. Respondents shall release Petitioner Alejandro C.G. from immigration custody immediately.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 22, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court