UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alejandro C.-G.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General*; Markwayne Mullin, *Secretary, Department of Homeland Security*; David J. Venturella, *Acting Director, Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office U.S. Immigration and Customs Enforcement*,

Respondents.

File No. 26-cv-3117 (ECT/EMB)

**OPINION AND ORDER**

Petitioner Alejandro C.-G. has filed a motion to enforce judgment. *See* ECF No. 15. Alejandro asserts that his rearrest outside the Whipple Federal Building after he was processed for release violated this Court's September 22, 2026 Order for his immediate release. The motion will be denied.

In an Order dated September 22, 2026, Alejandro's habeas petition was granted and Alejandro was ordered released because he was not served with a valid warrant at the time of his arrest, and Respondents had not shown that the arrest complied with 8 U.S.C. § 1357(a)(2)'s warrantless arrest requirements. ECF No. 11 at 4–9. Judgment was entered on September 23. ECF No. 12.

On September 25, 2026, ICE officers transported Alejandro to the Whipple Federal Building, processed his release, and returned his phone and wallet to him. *See* ECF No. 16 ¶¶ 6–8; ECF No. 21 ¶ 4. After Alejandro was "told that [he] was free to go," he was

accompanied by a security officer to the building's exit. *See* ECF No. 16 ¶¶ 8–9. According to Alejandro, the security officer "opened the door out of the lobby" as Alejandro was leaving and "shoved [Alejandro] with [the officer's] shoulder out of the door and onto the sidewalk toward five ICE agents located approximately three steps away from the door." *Id.* ¶¶ 10–11. Agents "showed [Alejandro] a piece of paper that . . . had [his] name on it" and told him that they had a warrant for his arrest. *See id.* ¶ 12. Alejandro states that after agents grabbed him and put his hands behind his back, the agents took him on a short drive in a van, then brought him back into the Whipple Building where "[a]ll of [his] things were confiscated" and he was detained in a holding cell for approximately six hours. *Id.* ¶¶ 13–14, 18. Later that day, Alejandro was transported back to the Freeborn County Jail. *Id.* ¶ 19.

Respondents have submitted a recording of security camera footage from the outside public entry of the Whipple Building showing Alejandro's September 25 rearrest. *See* ECF No. 21 ¶ 4; ECF No. 21-1 (filed conventionally). The security camera footage shows Alejandro stepping outside the Whipple Building, where he is approached by four plainclothes officers, later identified by Respondents as ICE/ERO officers. *See* ECF No. 21 ¶ 8; ECF No. 21-1 at 00:10–:15. One officer displays a piece of paper to Alejandro while the other officers restrain Alejandro's hands, and the officers eventually escort Alejandro away from the building. ECF No. 21-1 at 00:15–:56. According to Respondents' declarant Deportation Officer Mitchell T. Olson, Alejandro was shown a "Warrant for Arrest of Alien that had been issued earlier that day by a Supervisor Detention

and Deportation Officer." ECF No. 21 ¶ 8. The security footage does not show Alejandro being shoved or pushed outside the door. *See* ECF No. 21-1 at 00:10–:15.

On October 12, 2026, Alejandro filed the present motion to enforce. *See* ECF No. 15. Alejandro seeks his re-release, as well as entry of an order specifying that he not be re-detained unless he commits a subsequent criminal offense or his Board of Immigration Appeals case is decided against him or otherwise dismissed. *See id.* at 9.

In his motion, Alejandro argues that Respondents' "sham release," followed by a rearrest before "actually allowing Petitioner to leave their custody," violated the September 22 Order granting his release. *See* ECF No. 15 at 1. Alejandro's argument is not persuasive. Alejandro relies on *Miranda v. Arizona*, 384 U.S. 436 (1966), and *United States v. Griffin*, 922 F.2d 1343 (8th Cir. 1990), for the premise that he was "in custody" at the time of his rearrest. *See* ECF No. 15 at 5–7. Both *Miranda* and *Griffin* arose in the criminal context, and concerned the admissibility of statements obtained during custodial interrogation. *See Miranda*, 384 U.S. at 439; *Griffin*, 922 F.2d at 1345. Those circumstances are not present here, and Alejandro provides no persuasive authority for the premise that being "in custody" under these authorities would direct release from immigration custody as an appropriate remedy. Likewise, even assuming the officer escorting Alejandro shoved him as he was exiting the Whipple Building, something that is denied by Respondents and not depicted in security camera footage, Alejandro provides no persuasive legal authority that would direct his release as the proper remedy. Alejandro was rearrested in a public space after his release was processed and his belongings returned to him. On these facts, Alejandro's motion to enforce will be denied.

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS ORDERED THAT** Petitioner Alejandro C.-G.'s Motion to Enforce [ECF No. 15] is **DENIED**.

Dated: November 13, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court